IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW D. COE, # R-07622, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00433-MJR |
| | ) |
| CHRISTINE BROWN, NANCY, | ) |
| VIPIN SHAH, MARY ROGERS, and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a three-year sentence for possession of a controlled substance and a twelve-year sentence for delivery. His claims arose during his incarceration at Pinckneyville Correctional Center[1] ("Pinckneyville"). Plaintiff alleges that five Pinckneyville Defendants, i.e., Christine Brown (health care unit administrator), Nancy[2] (registered nurse), Mary Rogers (registered nurse), Vipin Shah (doctor) and Wexford Health Sources, Inc. ("Wexford") (medical provider), denied him treatment for back spasms in violation of his constitutional rights (Doc. 1, p. 6). Plaintiff challenges a policy requiring three inmate sick call requests and corresponding co-payments to qualify for a physician/nurse practitioner referral, as violations of his constitutional rights and the Racketeer Influenced and Corrupt Organizations Act ("RICO Act") (Doc. 1, p. 12). Plaintiff also

---

[1] In the affidavit filed with his complaint, Plaintiff indicates that he was transferred from Pinckneyville to Lawrence, where officials are now denying him medical treatment in violation of his constitutional rights. Passing reference to a potential legal claim in an affidavit is not sufficient to state a claim under 42 U.S.C. § 1983. This Order does not address this potential claim. Should Plaintiff wish to challenge the conduct of Lawrence officials, he must do so by filing a separate lawsuit against them.

[2] Plaintiff could only identify this Defendant by her first name.

claims that Wexford failed to train its medical staff. He seeks compensatory and punitive damages (Doc. 1, p. 14).

Specifically, Plaintiff alleges that he suffers from back spasms, which cause serious pain and require treatment with pain medication (Doc. 1, p. 6). On September 14, 2011, Plaintiff met with one of Pinckneyville's nurse practitioners, who ordered ibuprofen for his pain. Plaintiff never received the medication. He continued to suffer.

On October 9, 2011, Plaintiff met with Defendants Rogers and Nancy, two Pinckneyville nurses (Doc. 1, p. 6). They were aware of his prior back injury and current medical condition (Doc. 1, p. 7). Plaintiff communicated the details of the prior month's examination and his failure to receive pain medication (Doc. 1, p. 6). He complained of serious ongoing pain. He requested medical treatment and pain medication.

Defendants Rogers and Nancy denied Plaintiff's requests. Per Defendant Brown's policy, they instructed Plaintiff to put in three additional sick call requests, if he wished to see a doctor or a nurse practitioner (Doc. 1, p. 7). When Plaintiff then repeated his request for pain medication, Defendants Rogers and Nancy denied the request.

Plaintiff submitted multiple sick call requests (Doc. 1, p. 8). Each time, he was charged a co-payment of two dollars. Each time, he was interviewed by a nurse, who refused to give him pain medication. Each time, he was told that he would be referred to a doctor/nurse practitioner after his third request.

Defendants Brown and Shah, who were also aware of his medical condition and pain, denied Plaintiff's request for treatment and medication on October 9, 2011 (Doc. 1, p. 8). Defendant Shah denied Plaintiff's subsequent requests for medical treatment and pain

medication on October 10 and 14, 2011 (Doc. 1, pp. 8-9). Defendant Shah also ignored Plaintiff's subsequent written requests (Doc. 1, p. 9).

Plaintiff claims that Wexford denied him adequate treatment for his medical condition in violation of the Eighth Amendment. Wexford failed to train, supervise, and control its employees and Defendants. Wexford also allowed Defendant Brown to issue an unconstitutional policy regarding sick call procedure, which he describes as "vague, confusing, contradictory, and inconsistent"[3] (Doc. 1, p. 8).

Plaintiff sues all Defendants for violations of his Eighth Amendment right to receive adequate medical care for his medical condition. He also challenges the policy requiring three sick call requests and corresponding co-payments for one appointment with a doctor/nurse practitioner as unconstitutional and in violation of the federal RICO statutes.[4]

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable constitutional claim against Defendants Brown, Nancy, Rogers, Shah, and Wexford for deliberate indifference to a serious medical need (Count 1).

However, Plaintiff has failed to state an actionable constitutional claim against any Defendants based on excessive or unconstitutional medical co-payments (Count 2). An

---

[3] At this stage, Plaintiff raises sufficient allegations to suggest that Defendants implemented a policy, custom, or practice of delaying medical treatment by requiring three requests for a referral. The Court is not defining the exact contours of the policy or deciding the merits of Plaintiff's claim. The Court is only deciding that the claim passes muster at threshold.

[4] In his affidavit filed with the complaint, Plaintiff makes passing reference to a potential "retaliation" claim. Plaintiff indicates that he was transferred from Pinckneyville to Lawrence as "retaliation." Plaintiff's mention of this legal theory in his affidavit without supporting facts or corresponding allegations in his complaint do not rise to the level of a legal claim and will be disregarded for purposes of this Order. Should Plaintiff wish to pursue a retaliation claim against Pinckneyville officials, he must raise the claim in an amended complaint with sufficient detail to support the claim.

inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services.  Whether or not a statutory exemption should apply to the co-payment rule is a question of state law, not cognizable in a § 1983 action.  *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution").  Should Plaintiff wish to pursue this matter further, he must do so in state court.  Count 2 shall be dismissed without prejudice.

Plaintiff's related RICO Act claim shall also be dismissed (Count 3).  The federal RICO statutes impose criminal and civil liability against individuals for certain prohibited activities, as defined in 18 U.S.C. § 1962.  These proscribed activities include, among other things, "a pattern of racketeering activity" or the "collection of an unlawful debt."  *Id*.; *see also Elliott v. Chicago Motor Club Ins.*, 809 F.2d 347, 349 (7th Cir. 1986).  Plaintiff appears to challenge the two dollar co-payments under the RICO Act as the "collection of an unlawful debt."  Even at this early stage in litigation, Plaintiff has failed to demonstrate that the co-payments are unlawful or that he has any viable claim under the RICO Act.  Accordingly, Count 3 shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

Plaintiff has filed a motion for service of process at government expense (Doc. 4).  The motion is **GRANTED.**  Service shall be ordered below for all Defendants.

**Disposition**

**IT IS HEREBY ORDERED** that Count 2 is dismissed from this action without prejudice.

**FURTHER, IT IS ORDERED** that Count 3 is dismissed from this action with prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS BROWN, NANCY, SHAH, ROGERS** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 28, 2013**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. District Judge**