IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW D. COE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13−cv−0433−MJR−SCW |
| | ) |
| CHRISTINE BROWN, VIPIN SHAH, MARY ROGERS, WEXFORD HEALTH SOURCES, INC., and NANCY KNOPE | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pending before the Court is the Defendants' joint oral Motion to Dismiss for Lack of Prosecution, (Doc. 54) which was made on December 20, 2013. For the reasons set forth below, it is **RECOMMENDED** that Defendants' motion for dismissal be **GRANTED**, and the case **DISMISSED with prejudice**.

### BACKGROUND

The Wexford Defendants filed a Motion to Compel on December 4, 2013. (Doc. 52). Wexford alleged that they had sent Plaintiff written discovery requests on October 3, 2013. (Doc. 52). Wexford used the address on the docket provided by Plaintiff. (Doc. 52). Plaintiff never responded to the discovery. (Doc. 52). On November 14, 2013, Wexford sent Plaintiff a letter asking him to respond to discovery. (Doc. 52). Plaintiff never responded to the letter. (Doc. 52). The Court set Wexford's Motion to Compel for hearing on December 20, 2013, and sent notice to Plaintiff's Bloomington, IL address. (Doc. 53). The notice informed Plaintiff that he may respond in writing to the Motion to Compel. (Doc. 53). No response is reflected in the docket.

1

The notice also explicitly warned Plaintiff that failure to appear at the hearing may result in sanctions, including dismissal. Plaintiff failed to appear at the December 20, 2013 hearing. At that time, Defendants orally moved to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 54).

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. **Lucien v. Breweur**, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, 9 F.3d at 29. Accord James v. McDonald's Corp.**, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution."). Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error. **Johnson v. Chicago Bd. of Educ., 718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").**

Plaintiff's case should be dismissed for failure to prosecute because he has shown a pattern of serious and repeated errors. This is not the situation in *Johnson* where the plaintiff made a single error by failing to show up at a one routine status conference. Here, Plaintiff has failed to meet his obligations as a litigant and participate in discovery. When Defendants complained of this conduct, Plaintiff failed to respond. The Court issued an order requiring Plaintiff to be present at a hearing to discuss the discovery dispute, which Plaintiff ignored. Plaintiff was given specific warnings that his case would be subject to dismissal should he fail to appear, and yet he continued to

2

neglect his case. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 37 (b) and 41(b). **See Lucien, 9 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

Because the case should be dismissed with prejudice, there is no need to analyze the merits of any pending motions. The pending Motion to Compel (Doc. 52) should be found **MOOT**.

## CONCLUSION

It is therefore **RECOMMENDED** that Defendant's oral motion for dismissal (Doc. 54) be **GRANTED**, and that Mr. Coe's case be **DISMISSED WITH PREJUDICE** for his failure to diligently prosecute his case. Wexford's Motion to Compel (Doc. 52) should be found **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004).** <u>Objections to this Report and Recommendation must be filed on or before **January 9, 2013**</u>.

**IT IS SO RECOMMENDED.**

Dated: <u>December 23, 2013</u>  /s/ *Stephen C. Williams*
　　　　　　　　　　　　　　　　　　　**STEPHEN C. WILLIAMS**
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge